By the Court.—Sedgwick, Ch. J.
The action was for damages from the negligence of defendant’s servants. The plaintiff was a passenger upon the cars of the defendant. The train had stopped. Several passengers had left the car. The plaintiff was stepping upon the station platform, when the train moved on and caused the plaintiff to fall. She was seriously hurt.
At the close of plaintiff’s case no testimony had been given which tended to show specifically what had caused the train to move before the plaintiff had alighted. The defendant’s counsel then moved to dismiss the complaint on the ground that there was no testimony to show that the moving of the train was due to any negligent act of the defendant’s servants. It will not be necessary to pass upon this proposition for the reason that before the case went to the jury there was testimony from which the jury were at liberty to infer the negligence of the defendant.
*327 The defendant examined a brakeman or guard named Borst, whose place was between cars nearer the engine than the platform from which the plaintiff was stepping. He proved that he gave the signal which caused the train to move. He also testified that it was his duty not to signal until he had received a signal from the brakeman at the place where the accident happened. The name of the latter was McTaggart. There was no doubt that McTaggart had not given any signal to Borst. In the usual course of things the signal from McTaggart would be his pulling upon a rope passing through the car near its top, and which Borst would be holding. Borst testified that he did receive a signal through the rope, of the same kind that McTaggart would give in the usual course of things. The plaintiff, however, in rebuttal, produced witnesses who testified that Borst had said in their presence that he had not received a signal, and he did not know how it was that he came to signal. The jury could therefore competently find, if there were no other testimony on the point, that the train had been started by Borst as he admitted, but that his statement as to his receiving the signal was not to be credited. The case would then be of the company being responsible for the train moving without explanation that would show that due care had been used. The jury might infer from this that the defendants were negligent.
The defendant in order to make the necessary explanation called other witnesses than Borst. The testimony of these witnesses was of a kind that called for examination and construction by the jury. H the jury found that these witnesses did not show that Borst received a signal, then the defendant’s case was without a benefit from their testimony. The jury did not necessarily discredit the witnesses for untruthfulness. They probably did not. These witnesses did not assume to testify directly to the fact that Borst received a signal. They testified to some facts, which in the judgment of the jury did not amount to proof that Borst had received the signal.
*328 These witnesses were passengers standing at the time of the accident about eight feet from the platform where McTaggart was on duty. They, as the jury might find they intended to testify, were standing in the car with other passengers about them, when the train stopped at the station in question quite suddenly. This caused some passengers to lose their balance and fall, as it were, against Schneider, one of the witnesses. To keep himself from hitching back he involuntarily raised his hand and took hold of what he believed to be a strap, placed there for standing passengers to use. He himself did not think he had a hold upon the rope that has been spoken of until his companion, the other witness, named Knewitz, said to him: “Do you know that you caught hold of the bell rope ? ” Then he took his hand from the rope and then the train started ahead. Undoubtedly the witnesses honestly believed that Schneider in taking hold of the rope gave a signal which started the train. But a scrutiny of their testimony shows some things inconsistent with their belief, and the jury might have believed that the facts they swore to had existed and yet not have been convinced that Schneider communicated a signal to Borst.
I therefore think that it did not appear from the whole case that there was no proof of negligence.
The judge charged the jury: “If you find that the-train was started by the witness Schneider in the manner that he says he started it, then the defendant was not negligent and the plaintiff cannot recover. I charge you if on the other hand, you find that the train was not started by the witness Schneider, in the manner that he says he started it, that is, if you find that he did not give the signal to the brakeman Borst, which caused Borst to give the signal to the other brakeman, that then' the defendant was negligent and the plaintiff is entitled to recover.”
In substance, this gave to the defendant the benefit of a ruling in its favor of all questions of law that it could raise. The jury were told that if the facts are as the de *329 f endant claims, th en the verdict should be in its favor. It was unnecessary for the judge to charge as requested, that there was no proof of any defect in the system of communicating signals, or that the method of fixing the bell rope was not the best method of fixing it, or to charge other requests of the same ldnd. If the jury observed, as it is presumed they did, the charge of the judge, they could not have found against the defendant on any of the matters referred to in the requests.
It is argued that there was error in the judge charging that there was a conflict of evidence on the point as to how the train started, and in refusing to charge as requested, that there was no conflict of evidence as to how the train started, and in refusing to charge that the jury were bound to believe the uncontradicted evidence of the witnesses Schneider and Knewitz as to the manner in which the accident occurred.
The witnesses named did not give testimony as to facts —apart from their opinions that were intermixed in their statements with facts—that conclusively showed that a signal was given to Borst. But between the testimony of Borst as to his receiving a signal and an inference from the testimony of the other witnesses that Schneider had not sent a signal to Borst, there was an opposition that was not improperly termed by the judge a conflict of evidence. The judge was not in error in his action in the respects now noticed.
The judgment should be affirmed with costs.
Freedman and O’Gormar, JJ., concurred.